# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| KENNETH TEZINO, SR., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-09-CV-997-XR |
| § | |
| GATEWAY COMMUNITY HEALTH § | |
| CENTER, INC., § | |
| § | |
| *Defendant*. § | |

**ORDER ON MOTION TO TRANSFER VENUE**

On this date, the Court considered Defendant's Motion to Transfer Venue (Docket Entry No. 4). Plaintiff has not responded and the deadline to respond has expired. Having considered the motion and the relevant statutory and judicial authority, Defendant's motion is GRANTED.

**Background**

Plaintiff Kenneth Tezino, Sr., was employed as a dentist by Defendant Gateway Community Health Center ("Gateway"), which is a private, not-for-profit corporation that provides medical and dental care to indigent patients in Webb County, Texas. Tezino was terminated by Gateway, and he filed suit alleging claims of discrimination. Tezino is a resident of San Antonio, Bexar County, Texas, which is located in the Western District of Texas. Gateway maintains its principal place of business and manages clinics in Laredo, Webb County, Texas, which is located in the Southern District of Texas. Defendant extended its service area to include Zapata County and Jim Hogg County, both of which are located in the Southern District of Texas.

In his complaint, defendant alleged that venue is proper in Bexar County because it is the location in which all or a substantial part of the events or omissions giving rise to the claims

occurred. Gateway denies this claim, stating that it has no facilities in Bexar County and maintains its principal place of business in Webb County. Gateway further states that its decision to suspend and terminate Tezino and report his suspension to the National Practitioner Data Bank occurred in Webb County.

## Procedural History

Tezino filed this suit in 225th District Court, Bexar County, Texas. Gateway timely removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and (b). (Notice of Removal, Dec. 16, 2009 [Docket Entry No. 1].) On January 11, 2010, Gateway moved the Court to transfer this case to the Laredo Division of the United States District Court for the Southern District of Texas. (Mot. to Transfer Venue, Jan. 11, 2010 [Docket Entry No. 4].) Plaintiff has failed to respond to this motion, and the time to do so has expired. *See* FED. R. CIV. P. 6 (regarding calculation of deadlines); L.R. CV-7(d) (W.D. Tex.) (regarding deadline to respond to a motion).

## Legal Standard

Pursuant to 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to order a transfer so long as it is within the limitations of the text of the statute, the precedents of the Supreme Court, and of the Fifth Circuit Court of Appeals. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

In a recent opinion, this Court, the Honorable Sam Sparks presiding, summarized the standard for transfer.

> The preliminary question under § 1404(a) is whether a civil action "might have been brought" in the destination venue. [*In re Volkswagen of Am. Inc.*, 545 F.3d at 312]. After determining the suit could have been filed in the destination venue, the Court weighs the

parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1974). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) . . . (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* Although these private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen* [*of Am., Inc.*], 545 F.3d at 314–15.

*Robinson v. Hillcrest Baptist Med. Ctr.*, No. A-09-CA-640-SS, 2009 WL 4639901, at *2 (W.D. Tex. Nov. 30, 2009).

**Analysis**

Here, Gateway has filed a motion to transfer venue, stating that venue was improper in the Western District of Texas, that the suit could have been brought in the Laredo Division of the Southern District of Texas, and that public and private interests are served by transferring the case. Pursuant to 28 U.S.C. § 1391, venue is proper in:

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Gateway's primary place of business is in Laredo, Webb County, in the Southern District of Texas. Tezino could have brought this suit in the Southern District of Texas since the Defendant is the only defendant in this suit and is located in the Southern District of Texas. *See* 28 U.S.C. 1391(b)(1). Gateway states that a substantial part of the events or omissions giving

3

rise to the claim arose in Webb County, which would then make venue proper in the Southern District of Texas (and improper in the Western District of Texas). Tezino has failed to respond to Gateway's motion, leaving Gateway's contention unrefuted. In any case, a transfer of venue does not require that venue be improper in the Western District of Texas, it only requires that the case could have been brought in the district in which the case would be transferred. Even accepting Tezino's assertion in his state court petition that the events or omissions giving rise to his claims arose in Bexar County, Gateway's location means that this case could have been brought in the Southern District of Texas.

Private factors weigh in Gateway's favor to transfer this case. Gateway states that virtually all of the witnesses that could be called in this case live in Webb County. Securing their attendance at depositions would be better served by a trial in the Laredo Division of the Southern District of Texas. Moreover, the witnesses would incur the time and financial costs of traveling to San Antonio, which is 140 miles from Laredo. As this case is at an early stage, a transfer would not present any significant delay or prejudice.

The public factors likewise weigh in Gateway's favor to transfer venue. Based on the limited information before this Court and in light of the Plaintiff's non-responsiveness, it appears that many of the events leading up to this suit occurred in Laredo. There is an interest in having local disputes decided within that locality. Moreover, leaving the case in this district would result in adjudication by residents of the Western District of Texas to the exclusion of residents from the Southern District of Texas.

"The Court notes the Plaintiff's choice of forum is normally a strong factor to consider in resolving venue disputes. But '[w]here the plaintiff's chosen forum has no factual nexus to the case,

4

that choice carries little significance if other factors weigh in favor of transfer.'" *Robinson*, 2009 WL 4639901, at *5 (quoting *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001)). Aside from Plaintiff's conclusory assertion in his state court petition, he presents no facts or circumstances to show a connection between the Western District of Texas and this case.

## Conclusion

In accordance with 28 U.S.C. § 1404(a), because both the private and public interest factors weigh in favor of transfer, and because the transfer is in the interest of justice, the Court GRANTS Defendant's motion to transfer venue.

It is ORDERED that this matter is hereby TRANSFERRED to the United States District Court for the Southern District of Texas, Laredo Division.

It is so ORDERED.

SIGNED this 29th day of January, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE